UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIGOBERTO DELCID-SANTOS, | Civil Action No. 26-1382 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Rigoberto Delcid-Santos, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents Delaney Hall Warden Luis Soto, Immigration and Customs Enforcement (ICE) Newark Field Office Director John Tsoukaris, former Department of Homeland Security ("DHS") Secretary Kristi Noem, United States Attorney General Pam Bondi, and the Executive Office for Immigration Review oppose the Petition. (ECF No. 6).

3. Petitioner is a citizen of Guatemala. (ECF No. 1 ¶ 5). He originally entered the United States at an unknown time, but he was ordered removed on October 15, 2012. (ECF No. 6-1 at 2). He reentered the country on or about May 4, 2019. (ECF No. 6-2 at 2). The prior order of removal was reinstated on May 8, 2019. (*Id.*)

4. Petitioner was not immediately removed because he argued that he had a credible fear of persecution or torture if he were to be removed to Guatemala. (ECF No. 1 ¶ 7). Petitioner

had a double kidney transplant in 2024 and was prescribed various immunosuppressive drugs to prevent rejection. (*Id.* ¶ 8).

5.  Petitioner reported to a credible fear interview on December 5, 2025 and was detained after the interview. (*Id.* ¶ 9). Petitioner asserts that he had been on an order of supervision since 2019. (*Id.*) He has a recently dismissed charge of criminal contact. (*Id.* ¶ 12).

6.  Petitioner has a final order of removal but is currently in withholding-only proceedings before the immigration court. (*Id.* ¶ 30). He asserts that he cannot be removed while those proceedings are ongoing. (*Id.* ¶ 31).

7.  Petitioner was taken to Delaney Hall in Newark. (*Id.* ¶ 10). He alleges that he has experienced "[d]elays and interruptions in critical medications; [i]nadequate monitoring of kidney function; [and] [h]eightened risk of organ rejection, seizures, infection, and death." (*Id.* ¶ 34).

8.  Petitioner argues that his detention has become overly prolonged, violating his Fifth Amendment Due Process rights. (*Id.* ¶¶ 40-44). He argues that his removal is not reasonably foreseeable because he cannot be removed while the withholding-only proceedings are pending. (*Id.* ¶ 47).

9.  He also asserts Respondents are being deliberately indifferent to his medical needs. (*Id.* ¶¶ 49-55); *see also Hope v. Warden York Cnty. Prison*, 972 F.3d 310 (3d Cir. 2020).

10. He asks this Court to release him or to order an individualized bond hearing. (ECF No. 1 at 10).

11. Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(5) because he is subject to reinstatement of a prior final order of removal. (ECF No. 6 at 2).

12. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

13. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

14. It is undisputed that Petitioner was previously removed pursuant to a valid order of removal in 2012. (ECF No. 6-1 at 2). It is also undisputed that Petitioner reentered the country on or about May 4, 2019, and that his prior order of removal was reinstated on May 8, 2019. (ECF No. 6-2 at 2). That reinstated removal order is administratively final. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

15. Therefore, the applicable statute is the statute governing post-final order of removal detention, 8 U.S.C. § 1231. *See Pina v. Castille*, No. 16-cv-4280, 2017 WL 935163, at *8 (D.N.J. Mar. 9, 2017) (holding § 1231(a) applied to withholding of removal case because "[w]ithholding of removal does not adjust the [noncitizen's] status. As to removal, it affects not the question whether, but the question where.")

16. After a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Respondents argue that Petitioner's detention is

3

mandatory because he is within the removal period. (ECF No. 6 at 2). Under their calculations, the removal period expired March 5, 2026.

17. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where … there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

18. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

19. Here, Petitioner has alleged—and Respondents have not disputed—facts that suggest that he is not receiving necessary medical care. (ECF No. 1 ¶ 34).[1] He has also alleged—

---

[1] This Court takes judicial notice that at least one detainee has died in custody at Delaney Hall after a medical emergency. *See* Tracey Tully and Luis Ferré-Sadurní, *ICE Detainee Dies After Being Held at a Troubled Jailhouse in Newark*, N.Y. Times (Dec. 19, 2025), *available at* https://www.nytimes.com/2025/12/19/nyregion/ice-detainee-death-newark.html.

and Respondents have not disputed—facts that suggest his removal is not reasonably foreseeable. (*Id.* ¶¶ 30-31). Petitioner's withholding case and appeal may take many months to resolve given the influx of immigration habeas cases filed in this District and throughout the country, delaying Petitioner's removal.

20. As Respondents note, "the government may release the [noncitizen] subject to conditions of supervised release." (ECF No. 6 at 2 (citing 8 U.S.C. § 1231(a)(3)). This Court finds that Petitioner's uncontested medical conditions, Delaney Hall's uncontested failure to provide necessary medication for those conditions, and the likely delays in Petitioner's removal proceedings warrant release on appropriate conditions of supervised release.

21. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: March 6, 2026